IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID K. MITSOFF, | : | Case No. 3:12-cv-46 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER STRIKING THE JOINT STIPULATION
FOR AN EAJA FEES AND COSTS AWARD (DOC. 19)**

Now before the Court is a stipulation, filed jointly by Plaintiff's counsel and the Commissioner, for an EAJA fees and costs award. Doc. 19. Recognizing that the stipulation does not provide the Court with the information needed to determine either the reasonableness of the hours spent in this case or the appropriateness of the hourly fee sought, *see* 28 U.S.C. § 2412(d)(1)(B); *Satterwhite v. Comm'r of Soc. Sec.*, No. 3:11-cv-99, 2012 U.S. Dist. LEXIS 133034, 2012 WL 4108102, (S.D. Ohio Sept. 18, 2012), *adopted in* 2012 U.S. Dist. LEXIS 147221, 2012 WL 4857782 (S.D. Ohio, Oct. 12, 2012), the stipulation (doc. 19) is hereby **STRICKEN**.[1] Plaintiff shall file a motion -- including such information -- within **FOURTEEN DAYS** from the issuance of this Order (*e.g.*, **May 24, 2013**).[2]

**IT IS SO ORDERED.**

May 10, 2013                                          s/ **Michael J. Newman**
                                                      United States Magistrate Judge

---

[1] Even where there is no objection to the requested fee, the Court is required to conduct an analysis concerning the reasonableness of the fee. *See Comm'r, Immigration & Naturalization Servs. v. Jean*, 496 U.S. 154, 161 (1990).

[2] The Court recognizes that the petition for EAJA fees was filed as a joint stipulation. However, such a petition is properly filed as an unopposed or a joint motion.